B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| R. Sam Hopkins, Trustee | Paula Lynne Ziegler and Roy Ziegler II |

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Spinner, Wood & Smith, PO Box 6009, Pocatello, ID 83205<br>(208)232-4471 | **ATTORNEYS** (If Known)<br>Ryan E. Farnsworth |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☑ Trustee | PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☑ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to Recover Estate Property.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☑ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☑ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Paula Lynne Ziegler | | BANKRUPTCY CASE NO.<br>20-40042-JMM | |
| DISTRICT IN WHICH CASE IS PENDING<br>Idaho | | DIVISION OFFICE<br>Pocatello | NAME OF JUDGE<br>Joseph M. Meier |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Thomas D. Smith | | | |
| DATE<br><br>April 3, 2020 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Thomas D. Smith, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Thomas D. Smith, Esquire (ISB No. 8206)
**SPINNER, WOOD & SMITH**
1335 East Center - P.O. Box 6009
Pocatello, Idaho  83205-6009
Telephone:  (208) 232-4471
FAX: (208) 232-1808
Email: tsmith8206@cableone.net

Attorneys for R. Sam Hopkins, Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | | |
|---|---|---|
| In the Matter of: | ) | Case No. 20-40042-JMM |
| | ) | |
| PAULA LYNNE ZIEGLER, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| R. SAM HOPKINS, Chapter 7 Trustee | ) | Adversary Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PAULA   LYNNE   ZIEGLER   and   ROY | ) | |
| ZIEGLER II, in his capacity as Trustee of the | ) | |
| Margaret Louise Vogelsang Revocable Trust | ) | |
| dated September 29, 2006, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

COMES NOW the Plaintiff, R. Sam Hopkins, Chapter 7 Trustee, by and through his attorneys, for a claim of relief and alleges as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this case pursuant to 28 USC §§ 157 and 1334, and pursuant to the rules of this Court and the United States District Court for the District of Idaho.

2.  Venue is proper pursuant to 28 USC § 1409(a).

3.  This is a core proceeding pursuant to 28 USC § 157(b)(2)(A) and (E).

4.  On January 14, 2020, the Debtor, Paula Lynn Ziegler, filed a petition to initiate a Chapter 7 bankruptcy proceeding, Case No. 20-40022-JMM. This action arises under Title 11 of the United States Code, and arises out of and is related to the pending bankruptcy proceeding.

5.  The Plaintiff is the Chapter 7 Trustee of the Debtor's bankruptcy estate.

6.  Defendant Paula Lynn Ziegler ("Debtor") is a resident of Bannock County, Idaho.

7.  Defendant Roy Ziegler II ("Ziegler") is a resident of Franklin County, Ohio. Ziegler is a defendant in his capacity as the Trustee of the Margaret Louise Vogelsang Revocable Trust dated September 29, 2006.

8.  The Plaintiff consents to the Court's jurisdiction to decide this matter.

9.  The Plaintiff has been required to retain counsel to pursue this action and is incurring reasonable costs and attorneys' fees.

## FACTS COMMON TO ALL COUNTS

10. On or about September 29, 2006, the Debtor's mother, Margaret Louise Vogelsang ("Vogelsang"), executed the Margaret Louise Vogelsang Revocable Trust. On the same date Vogelsang executed a Grant Deed to convey her interest in a condominium located at 76606 Begonia Lane in Palm Desert California ("Real Property"). The Grant Deed was recorded in the Riverside County, California Recorder's Office on October 4, 2006, as Document No. 2006-0734772. A copy of the Grant Deed is attached as Exhibit A.

COMPLAINT - 2

11.     The Real Property is described fully in Exhibit A which is attached to the Grant Deed.

12.     On or about June 4, 2018, Vogelsang executed the Fourth Amendment to and Complete Restatement of the Margaret Louise Vogelsang Revocable Trust, which restated the Margaret Louise Vogelsang Revocable Trust dated September 29, 2006 (collectively "Trust"). A copy of the Trust is attached as Exhibit B.

13.     Vogelsang was the both the Trustor and the initial Trustee of the Trust.

14.     Ziegler, the Debtor's son, became the successor Trustee of the Trust after Vogelsang passed away before the Debtor filed her bankruptcy petition.

15.     The Trust provides that:

Upon the death of the Trustor, the Trustee must sell the Trustor's real property and distribute the residue of the Trust estate as follows:
20% to VICTORIA L. KEARNS or her issue by right of representation;
80% to PUALA L. ZIEGLER, or her issue by right of representation.

16.     The Trust also contains the following spendthrift provision:

No interest in the principal or income of any Trust created under this instrument shall be anticipated, assigned, encumbered, or subjected to a creditor's claim or legal process before actual receipt by the beneficiary.

17.     On March 13, 2020, the Debtor filed an amended Schedule A/B that indicates her interest in the Trust is protected from use or attachment by creditors, and that the value of the Debtor's interest in the Trust to the estate is $0.00.

COUNT ONE – THE ESTATE'S INTEREST IN THE TRUST RESIDUE

18.     Paragraphs 1 through 17 are incorporated as if set forth fully in this Count.

19.     Pursuant to 11 U.S.C. § 541(a), the Debtor's eighty percent interest in the Trust residue is bankruptcy estate property because she was entitled to receive the distribution upon filing her bankruptcy petition.

COMPLAINT - 3

20.    Pursuant to the express terms of the Trust, the Debtor has unrestricted access to her share of the Trust residue because Ziegler must sell the Real Property and distribute eighty percent of the Trust residue to the Debtor.

21.    Under both California trust law and federal bankruptcy law, the spendthrift provision in the Trust does not remove the Debtor's interest in the Trust residue from the bankruptcy estate under 11 U.S.C. 541(c)(2). *See, e.g., In re Dodart*, 577 B.R. 406, 413-13 (Bankr. D. Utah 2017) (finding spendthrift provision not effective when debtor entitled to trust residue after settlor died); *In re Reid*, 139 B.R. 19, 21 (Bankr. S.D. Cal. 1992) ("Because the debtor has unrestricted access to the funds, the court concludes that the debtor's Plan is not excusable from the debtor's estate."); California Probate Code § 15301(b) ("After an amount of principal has become due and payable to the beneficiary under the trust instrument . . . the court may make an order directing the trustee to satisfy the money judgment out of that principal amount.").

22.    The Court should enter a judgment confirming the Debtor's eighty percent interest in the Trust residue is bankruptcy estate property.

<u>COUNT TWO – TURNOVER OF THE TRUST RESIDUE TO THE TRUSTEE</u>

23.    Paragraphs 1 through 22 are incorporated as if set forth fully in this Count.

24.    The Debtor's interest in the Trust residue is property that the Plaintiff may use, sell, or lease and is of consequential value or benefit to the estate.

25.    Pursuant to 11 U.S.C. § 542(a), the Debtor and Ziegler are required to deliver the Debtor's interest in the Trust residue to the Plaintiff.

26.    The Court should enter a judgment requiring the Debtor and Ziegler to surrender the proceeds representing the Debtor's interest in the Trust residue to the Plaintiff after the Real Property is sold.

27.    In the alternative, the Plaintiff or a third-party may subsequently receive the proceeds representing the Debtor's interest in the Trust residue under an order or agreement between the parties to hold the proceeds in trust pending further order from the Court. If this occurs, then the Court should enter an order authorizing the release of the proceeds representing the Debtor's interest in the Trust residue to the Plaintiff so he can administer the proceeds in the bankruptcy estate.

WHEREFORE, the Plaintiff prays for relief from the Court as follows:

1.    A judgment confirming that the Debtor's interest in the Trust residue is bankruptcy estate property.

2.    A judgment requiring the Debtor and Ziegler to turnover the proceeds representing the Debtor's interest in the Trust residue to the Plaintiff after the Real Property is sold.

3.    In the alternative, an order authorizing the release of the proceeds representing the Debtor's interest in the Trust residue to the Plaintiff.

4.    A judgment against either Defendant who contests this proceeding for the Plaintiff's court costs and reasonable attorneys' fees incurred in this proceeding. The Plaintiff does not intend to seek court costs and reasonable attorneys' fees from either Defendant if they do not contest this proceeding.

5.    For such other and further relief as to the Court seems just and equitable.

DATED April 3, 2020.

SPINNER, WOOD & SMITH

By:/s/ _____

Thomas D. Smith

COMPLAINT - 6

# EXHIBIT A

COPY OF EXECUTED DOCUMEN

Recording Requested By
First American Title Company
RECORDING REQUESTED BY Resale

AND WHEN RECORDED MAIL TO:
MARGARET L. VOGELSANG
76-606 BEGONIA LANE
PALM DESERT, CA  92211

DOC # 2006-0734772
10/04/2006 08:00A Fee:13.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder



| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|---|---|---|---|---|---|---|
|   |   |   | 3 |   |   |   |   |   |   |
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM |

A.P.N.: 626-204-063        Order No.:

TRA.018 22 1

**GRANT DEED**

C
012
13

THE UNDERSIGNED GRANTOR(s) DECLARE(s) THAT DOCUMENTARY TRANSFER TAX IS: COUNTY $ -0-
[ ]   computed on full value of property conveyed, or
[ ]   computed on full value less value of liens or encumbrances remaining at time of sale,
[ ]   unincorporated area;  [ X ] City of _, and

FOR A VALUABLE CONSIDERATION, Receipt of which is hereby acknowledged,
MARGARET L. VOGELSANG, AN UNMARRIED WOMAN
hereby GRANT(S) to MARGARET LOUISE VOGELSANG, TRUSTEE OF THE MARGARET LOUISE
VOGELSANG REVOCABLE LIVING TRUST DATED SEPTEMBER 29, 2006,

the following described property in the City of , County of RIVERSIDE State of California;

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Property Address:

Document Date: __September 28, 2006__

STATE OF CALIFORNIA                    }SS
COUNTY OF __Riverside__               }
On __9/29/06__ before me, __Barbara A Murray, notary Public__
personally appeared __Margaret Louise Vogelsang__
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument
the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Signature __Barbara A Murray__

__Margaret Louise Vogelsang__
MARGARET LOUISE VOGELSANG

BARBARA A. MURRAY
Commission # 1647200
Notary Public - California
Riverside County
My Comm. Expires Mar 21, 2010

Mail Tax Statements to:   SAME AS ABOVE  or  Address Noted Below

Title Order Number:
File Number:        0625-578993

### Exhibit "A"

Real property in the City of Palm Desert, County of Riverside, State of California, described as follows:

A Condominium comprising:

Parcel 1:

(A) An undivided 1/34th interest in and to Lots 18, 19 and 20 of Tract No. 18774 in the City of Palm Desert, in the County of Riverside, as shown by map on file in book 138 page(s) 91 through 139 inclusive of Maps, Records of Riverside County, California, together with that portion of Lot 22 described in deed recorded May 30, 1990 as instrument no. 197646 of Official Records of Riverside County, California;

Except from that portion of said land lying within the northwest quarter of Section 2, Township 5 South, Range 6 east, San Bernardino Base and Meridian, 1/16th of all coal, oil, gas and other mineral deposits, as reserved to the State of California, in Patent recorded May 7, 1929 in book 9 page 154 of Patents;

Also except from that portion of said land lying within the southwest quarter of Section 35, Township 4 south, Range 6 east, San Bernardino Base and Meridian and in the west half of the west half of the northeast quarter of and other hydrocarbon substances in and under such property, together with the exclusive title and right to remove said substances, together with sole right to negotiate and conclude leases and agreements with respect to all such substances under the property and to use those portions of the property which underlie a plane parallel to and 500.00 feet below the present surface of the property for the purpose of prospecting for, developing and/or extracting such substances from the property by means of wells drilled into or through said portions of the property from drill sites located on other property, it being expressly understood and agreed that grantor, its successors and assigns, shall have no right to enter upon the surface of the property or to use the property or any portion thereof above the level of the aforesaid plane, as reserved by John D. Lusk & Son, a corporation in deed recorded March 30, 1984 as instrument no. 65834 of Official Records of Riverside County, California;

Also except Units 557 to 590 inclusive as shown on the Amended Condominium Plan recorded June 20, 1990 as instrument no. 227165 of Official Records of Riverside County, California;

Also except all remaining interest in the oil and gas, hydrocarbon and other mineral rights below 500.00 feet beneath the surface of said land, without the right of surface entry as reserved by Sunrise Desert Partners, a California limited partnership organized under the laws of the State of California in the deed recorded November 6, 1990 as instrument no. 406906 of Official Records of Riverside County, California;

Said Lots 18, 19 and 20 were merged by Certificate of Merger recorded November 14, 1989 as instrument no. 398273 of Official Records of Riverside County, California;

(B) Unit 588 as shown on the Amended Condominium Plan recorded June 20, 1990 as instrument no. 227165 of Official Records of Riverside County, California.

Parcel 2:

A non-exclusive easement for ingress and egress, use and enjoyment in and to the palm valley country club as more particularly described and on the terms and subject to the limitations as set forth in paragraph 9.5 of the Declaration.

APN: 626-204-063-1

# EXHIBIT B

# FOURTH AMENDMENT to and
# COMPLETE RESTATEMENT of the
# MARGARET LOUISE VOGELSANG REVOCABLE TRUST
# DECLARATION OF TRUST

I, MARGARET LOUISE VOGELSANG, of Riverside County, California, hereby completely restate the MARGARET LOUISE VOGELSANG REVOCABLE TRUST, Under Declaration of Trust, dated September 29, 2006, and declare that:

1.    DECLARATIONS

    1.1.    Conveyance to Trustee

I have conveyed and transferred, without consideration, to the Trustee named in this Declaration, or the successor of such Trustee, all the property described in Exhibit "A" attached hereto and incorporated herein by this reference.

    1.2.    Identity of Trust Estate

All property described in Exhibit "A", and any other property hereafter transferred or conveyed to and received by the Trustee and held pursuant to the terms of this instrument is herein called the "Trust Estate" and shall be held, administered, and distributed by the Trustee as provided in this Declaration of Trust.

    1.3.    Identity of Family

As used in this Declaration of Trust,

        1.3.1.   The term "Trustor" shall mean and refer to MARGARET LOUISE VOGELSANG,

        1.3.2.   The terms "child" and "children" shall include any other children hereafter born to or adopted by me and the term "issue" shall refer to lineal descendants of all degrees and include adopted persons. As of this date, Trustor's children are VICTORIA L. KERNS and PAULA L. ZIEGLER. Trustor has no deceased children.

    1.4.    Designation of Trustee

MARGARET LOUISE VOGELSANG is hereby designated the Trustee of all Trusts created by or to be created pursuant to this Declaration of Trust.

    1.5.    Additions to Trust

Any person may from time to time add other property acceptable to the Trustee to the Trust Estate by conveyance, assignment, transfer, or by Will. Such property when received and accepted by the Trustee shall become part of the Trust Estate and be subject to all terms and provisions of this Declaration of Trust.

    1.6.    Amendment and Revocation of Trust During Trustor's Lifetime

During the Trustor's lifetime, this Trust may be amended, but only by a writing signed by the Trustor. At any time and from time to time, during the Trustor's life, the Trustor may, by serving written notice on the Trustee, revoke the Trust created by this Declaration. Any property withdrawn from the Trust Estate by reason of such revocation shall be delivered to the Trustor by the Trustee.

    1.7.    Incapacity of Trustor

All of Trustor's powers to amend and revoke are personal to Trustor, and in the event of incapacity, as determined by the provisions of Section 8.3 of this Declaration of Trust, may be exercised on Trustor's behalf only by a conservator with Court approval, or by the holder

of a Durable Power of Attorney for the purpose of making gifts or taking other actions that are authorized by express provision of the durable power.

    1.8.    <u>Power to Direct Trust Investments</u>

While the Trustor is living and competent, the Trustor may at any time and from time to time, by written directions signed by the Trustor and delivered to the Trustee direct the Trustee to:

    1.8.1.  Invest the Trust Estate in specific securities, properties, or investments described in such directions;

    1.8.2.  Retain as part of the Trust Estate for such length of time as the Trustor may direct any securities, properties, or investments held by the Trustee pursuant to this Declaration;

    1.8.3.  Sell, encumber, lease, manage, control, or dispose of any property constituting part of the Trust Estate.

The Trustee, if other than the Trustor, shall not be liable for any loss sustained by the Trust Estate by reason of the Trustee's compliance with any written directions delivered to it by the Trustor pursuant to this Paragraph.

    1.9.    <u>Irrevocability after Death of Trustor</u>

After the Trustor's death, any Trust established by this Declaration shall become irrevocable, except as may be authorized by a power of withdrawal or a power of appointment expressly conferred by the terms of this Trust.

2.    <u>DISTRIBUTIONS DURING THE TRUSTOR'S LIFE</u>

    2.1.    <u>Net Income to Trustor</u>

During the Trustor's life, the Trustee shall at least annually, unless otherwise directed in writing by Trustor, pay to or apply for the Trustor's benefit, all of the Trust Estate's net income and the Trustor shall be entitled to the peaceful and quiet enjoyment and possession of any residential property held in the Trust.

    2.2.    <u>Incapacity of Trustor</u>

During the Trustor's life, should Trustor become unable or unwilling to act in her own behalf, or be subject to protective proceedings as a conservatee, the Successor Trustee, in the Trustee's discretion, may withhold the income payments required by the previous section and then may:

    2.2.1.  Pay the Trust Estate's entire net income in monthly or other convenient installments to the Trustor; or

    2.2.2.  Apply all or a portion of the Trust Estate's net income as the Trustee may deem in his absolute discretion reasonable and proper for the Trustor's benefit.

These powers shall be applicable until such Trustor regains capacity, as determined by the provisions of Section 8.3 of this Declaration of Trust.

    2.3.    <u>Invasion of Principal of the Trust</u>

During the Trustor's life, should the Trust Estate's net income be insufficient to provide for the Trustor's health, education, maintenance, or support, the Trustee may, in the Trustee's absolute discretion, pay to or apply for the Trustor's benefit, any or all of the Trust Estate's principal as the Trustee may, in the Trustee's discretion, from time to time deem necessary or advisable for any purpose.

3.    DISPOSITION UPON THE TRUSTOR'S DEATH

    3.1.    Trust Administration

        The Trustee shall take possession and control of the Trust Estate to the extent the Trustee has not already done so, including cash and other property, if any, distributed from the Trustor's probate estate, collected by the Trustee through any summary administration procedures, or received by the Trustee from any non-probate transfer or other source or by operation of law as a result of the Trustor's death. The Trustee may continue to hold and administer the Trust Estate as an "administrative trust" for so long as the Trustee deems reasonably necessary for purposes of trust administration, including payment of debts, taxes, and other expenses, and as a reasonable reserve for contingent liabilities and expenses (taking into account any applicable statutes of limitation), and to effect distribution outright or in further trust as provided in this Declaration.

    3.2.    Gifts of Personal Property

        The Trustee shall distribute certain items of the Trustor's tangible personal property, not otherwise specifically disposed of by this Trust, in accordance with the Trustor's written direction to the Trustee, if any, which shall exist at the Trustor's death. It is the Trustor's intention that these directions be binding upon the Trustee. If Trustor does not leave such direction, the Trustee shall distribute all of the Trustor's remaining jewelry, clothing, household furniture and furnishings, personal automobiles, and other tangible personal property, or the Trustor's interest in any such property, not otherwise specifically disposed of by this Trust or in any other manner, together with any insurance on the property, to the Trustor's children, in equal shares.

    3.3.    Distribution of Residue

        Upon the death of the Trustor, the Trustee must sell the Trustor's real property and shall distribute the residue of the Trust estate as follows:

            20% to VICTORIA L. KEARNS, or her issue by right of representation;

            80% to PAULA L. ZIEGLER, or her issue by right of representation.

        Although the Trustor loves and cares for both her daughters equally, the unequal distribution provided herein is the Trustor's attempt to repay PAULA L. ZIEGLER for all the financial support she and her late husband, MARK A. LADEDA, provided to Trustor during her life.

4.    PAYMENT OF EXPENSES

    Except as expressly provided below, and as otherwise specifically provided in the Trustor's Will or Codicil thereto, the Trustor's debts, last illness, funeral and administration expenses, and all domestic and foreign estate, gift or other transfer taxes imposed by reason of her death (including interest and penalties thereon) with respect to any property, whether included in or passing outside of the Trustor's probate estate, and expressly including GST direct skip transfers made at death by the Trustor as Transferor, shall be charged to and paid from property in the Trust.

5.    SUCCESSOR TRUSTEE

    5.1.    Successor Trustee

        When Trustor, as original Trustee, becomes unable or unwilling to act as Trustee, then ROY A. ZIEGLER II, of Columbus, Ohio, shall forthwith become the sole Trustee of all Trusts provided for in this Declaration. If ROY A. ZIEGLER II should become unable or unwilling to act as such Trustee, then PAULA L. ZIEGLER, of Park City, Utah, shall forthwith become the sole Trustee of all Trusts provided for in this Declaration. If PAULA L. ZIEGLER

should become unable or unwilling to act as such Trustee, then VICTORIA L. KERNS, of Goleta, California, shall forthwith become the sole Trustee of all Trusts provided for in this Declaration.

5.2.    <u>No Bond Required</u>

No bond shall be required of any Trustee named in this instrument.

5.3.    <u>Resignation of Trustee</u>

The Trustee may at any time resign from the Trust hereby created, by confirmed delivery of a notice of such resignation, addressed to the Trustor or to the person or persons then entitled to receive income payments hereunder at the addresses of such person or persons last known to the Trustee. Such resignation shall take effect upon the acceptance of office by the Successor Trustee, whether named herein or by a Court of competent jurisdiction. Upon such resignation, the next Successor Trustee, named above, shall succeed as Trustee with like effect as though originally named as such herein. All authority and powers conferred upon the original Trustee hereunder shall pass to any Successor Trustee. The resigning Trustee shall transfer and deliver to his successor the entire Trust Estate, and the resigning Trustee shall thereupon be discharged as Trustee of this Trust and shall have no further powers, discretions, rights, obligations or duties with reference to the Trust Estate and all such powers, discretions, rights, obligations and duties of the resigning Trustee shall inure to and be binding upon such Successor Trustee.

5.4.    <u>Appointment of Trustee</u>

If there is no Trustee acting hereunder, then a majority of the current adult beneficiaries shall appoint a successor Trustee or Co-Trustees by an instrument in writing, which appointment must be effective upon the date the last Trustee fails to qualify or ceases to act; provided however, if the Trustee who is being replaced was not related or subordinate to the beneficiaries holding this power to appoint, the power to appoint a new Trustee or Co-Trustees shall be limited to the appointment of a Trustee (or of Co-Trustees) who is also not related or subordinate to the beneficiaries holding this power to appoint.

5.5.    <u>Compensation of Successor Trustee</u>

No Trustee named herein shall be entitled to a Trustee fee.

5.6.    <u>Liability of Trustee</u>

No Trustee shall be liable for any mistake or error in judgment in the administration of the Trusts herein created, except for such Trustee's willful misconduct. No Successor Trustee shall be responsible in any way for any acts or omissions of any previous Trustee, and need not audit or otherwise inquire into the accounts, acts, or omissions of any predecessor. A Successor Trustee shall be chargeable only for those assets held by a predecessor in a fiduciary name, or actually known of by the Successor Trustee.

6.    <u>POWERS OF TRUSTEE</u>

To carry out the purposes of any Trust created under this Declaration and subject to any limitations otherwise specifically provided, the Trustee is vested with the following express powers with respect to each Trust and any part of it, in addition to those powers now or hereafter conferred by law:

6.1.    <u>Investment According to Prudent Investor Rule</u>

The Trustee may, in the Trustee's discretion, invest and reinvest Trust funds in every kind of property (real, personal, or mixed) and every kind of investment, specifically including, but not limited to, corporate obligations of every kind; preferred or common stocks; shares of investment trusts, investment companies, and mutual funds; life insurance policies; notes, real estate, bonds, debentures, mortgages, deeds of trust, mortgage participations, market

Page 4    _M~_

funds and index funds appropriate under the then-prevailing circumstances (specifically including, but not limited to, the factors set out in California Probate Code Section 16047(c) or its successor statute):

6.1.1.   General economic conditions;

6.1.2.   The possible effect of inflation or deflation;

6.1.3.   The expected tax consequences of investment decisions or strategies;

6.1.4.   The role that each investment or course of action plays within the overall Trust portfolio;

6.1.5.   The expected total return from income and the appreciation of capital;

6.1.6.   Other resources of the beneficiaries known to the Trustee as determined from information provided by the beneficiaries;

6.1.7.   Needs for liquidity, regularity of income, and preservation or appreciation of capital;

6.1.8.   An asset's special relationship or special value, if any, to the purposes of the Trust or to one or more of the beneficiaries.

6.1.9.   <u>Power to Invest Aggressively</u>

The trustee may invest in an aggressive manner, assuming greater than customary risks of loss to principal, in order to achieve a higher total rate of return.

6.1.10. <u>Diversified Investments</u>

The investments need not be diversified.

In so doing, the Trustee shall exercise care, skill, and caution to attain the Trustor's goals under this instrument. The Trustee shall consider individual investments as part of an overall investment strategy having risk and return objectives reasonably suited to the purposes of the Trust. The Trustee's investments may include stock in, or any common trust fund administered by, the Trustee or stock in any entity owned by the Trustee or that owns the Trustee.

6.2.   <u>Sale or Investment</u>

To sell (for cash or on credit), exchange, purchase and retain assets, to improve, alter, lease (including for periods beyond the duration of a Trust), partition and otherwise deal with and manage Trust property, and to invest and reinvest in preferred or common stocks, bonds, mortgages, investment company shares, money market and mutual (including index) funds, common trust funds maintained by a Successor Corporate Trustee, interest-bearing accounts, and any other property real or personal, foreign or domestic.

Notwithstanding the foregoing, in exercising these powers the Trustee is not bound by legal restrictions on investment by Trustee, and may acquire and maintain insurance on the lives of beneficiaries and may acquire, retain or improve assets on any reasonable basis.

6.3.   <u>Additions and Acquisitions</u>

To receive additional property from any source and to acquire or hold properties jointly or in undivided interests or in partnership (or joint venture) with other persons or entities, including the Trustor, the Trustee individually and any one or more of the beneficiaries of this Declaration and the estates of and other trusts established by the Trustor or any beneficiaries; and properties may be purchased from, sold to or exchanged with, and funds may be borrowed from or loaned to, any such Trustee, beneficiaries, estates and trusts (including separate Trusts under this Declaration) at fair values and on fair and equitable terms appropriate to the Trustee's fiduciary responsibilities.

6.4.   <u>Securities</u>

To acquire, exercise, grant or dispose of options, put and call options (including the granting of options to purchase and sell securities), on equity, non-equity or currency options,

common trust funds and other property of any kind, real or personal on margin or otherwise (including short sales), irrespective of any statute or rule of law limiting the investment of Trust assets, and to acquire, exercise, grant or dispose of privileges or rights with respect to securities or other property including but not limited to rights to vote, grant proxies, subscribe, convert or assent to or participate in compromises, releases, renewals or extensions, modifications, reorganizations, recapitalizations, consolidations, liquidations and the like, and to abandon or otherwise deal with any property or interests in any manner deemed to be in the best interests of the Trust or Trusts.

    6.5.    <u>Borrow and Encumber</u>

        To borrow funds, guarantee or indemnify in the Trust's name and to secure any obligation or mortgage, pledge or other security interest, including for a term extending beyond the Trust's period, and to renew, extend or modify any such obligations; such obligations may be entered into without personal liability of the Trustee, and lenders shall have no duty to see to the application of the proceeds.

    6.6.    <u>Lease</u>

        To lease Trust property for terms within or beyond the term of the Trusts and for any purpose, including exploration for removal of gas, oil and other minerals and to enter into community oil leases, pooling and unitization agreements.

    6.7.    <u>Litigation</u>

        To prosecute, defend, contest or otherwise litigate legal actions or other proceedings for the benefit of a Trust or Trusts or the Trustee; to pay, compromise, release, adjust or submit to arbitration any debt, claim or controversy; and to insure the Trust or Trusts against any risk and the Trustee against liability with respect to third persons.

    6.8.    <u>Agents</u>

        To employ, discharge and compensate from the Trust accountants, lawyers, investment and tax advisers, agents and others to aid or assist in the management, administration and protection of the Trust Estate or Estates.

    6.9.    <u>Title to Property</u>

        To hold property in a nominee's name, or unregistered or in a manner that allows title to pass by delivery or otherwise facilitates proper administration; and to allow the Trustor to sign and issue checks and to withdraw funds from checking or savings accounts directly, to the extent the funds are subject to the Trustor's power of revocation.

    6.10.    <u>Principal and Income</u>

        Except as otherwise specifically provided, the determination of all matters with respect to what is Trust principal and income and the apportionment and allocation of receipts and expenses between these accounts shall be governed by the Principal and Income Law from time to time existing in the State of Trustor's principal residence, and if the Trustor is deceased, by the laws of the State in which the Trustor had her principal residence.

    6.11.    <u>Distribution and Division</u>

        To make divisions, allocations (including to independent shares) or distributions in cash or in kind, including in undivided interests, by prorata or non-prorata division, or in any combination of these ways (with no obligation to take account of the assets' tax basis) in the Trustee's discretion; and there need be no physical division or segregation of various properties, Trusts or Trust shares, except as required for purposes of terminations, withdrawals or distributions, although separate records and accounts shall be maintained for undivided interests and for separate Trusts and shares of the Trust or Trusts.

6.12.   Distributions for Minors or Disabled Person

Where the Trustee is authorized hereunder to distribute any income or principal to or use or expend any income or principal for a minor, or an incapacitated or disabled person, such distribution may, at the Trustee's sole discretion, be made to such beneficiary directly or to any person having actual custody of such beneficiary, without intervention of a guardian or conservator, or the Trustee may expend the income or principal for the benefit of such beneficiary or distribute it to a guardian or conservator; in each case the receipt of such person to whom payment is made or entrusted shall completely discharge the Trustee in respect thereof, but the Trustee may, in his or her discretion, require such reports and take such steps as he or she deems necessary to assure and enforce the due application of such income or principal to the purposes aforesaid.

6.13.   Appointment of Guardian ad Litem

The Trustee has the power to nominate, for any purpose relating to this Trust or its administration, a guardian ad litem for a minor or disabled beneficiary who is without a legal guardian or conservator of that beneficiary's estate. Such guardian ad litem will represent the interests of the minor or disabled beneficiary in this context, but the Trustee cannot appoint himself or his spouse to this role.

6.17.   Access to Safe Deposit Boxes

To have access to all safe deposit boxes in the Trust's name or to which the Trustor is an authorized signatory; to contract with financial institutions for the maintenance and continuation of safe deposit boxes in the Trustor's name; to add to and remove the contents of all such safe deposit boxes; and to terminate contracts for all such safe deposit boxes.

7.   NO CONTEST

The Trustor has adopted this Declaration of Trust after full and careful consideration of the nature and extent of her properties and with full knowledge of her heirs and the natural objects of her bounty and, except as specifically provided in this Declaration of Trust, has intentionally omitted to make provisions herein for any other heir or claimant. If any beneficiary under this Trust, under the Will of the Trustor, under any protected instrument, or any intestate beneficiary of the Trustor, should contest this Trust then any share or interest provided to such beneficiary by this Trust, which would otherwise be distributed to or held for the benefit of such contesting beneficiary, is and shall be revoked and disposed of in the same manner as if such contesting beneficiary had predeceased the Trustor without issue. For purposes of this instrument a contest shall mean:

7.1.   A direct contest of protected instruments brought without probable cause. Protected instruments shall be those instruments in existence on the date of this instrument and shall be deemed to include the Trustor's Will, Codicils, this instrument, all revocable and irrevocable trusts established by the Trustor, all instruments identified in Section 5000(a) of the California Probate Code, all multiple-party accounts (as defined in Section 5132 of the California Probate Code) and any written document declaring an inter-vivos gift that is executed by the Trustor. In addition, protected instruments shall include all joint tenancy and community property designations for: all instruments defined hereinabove including bank and brokerage accounts, deeds, closely held stock and ownership interests for other closely held entities such as partnerships, limited partnerships and limited liability companies. Furthermore, protected instruments shall include all beneficiary designations for: all instruments defined hereinabove including IRAs of all kinds, qualified and non-qualified retirement plans, salary continuation and/or deferred compensation plans, life insurance and annuities;

7.2.   Pleadings challenging "a transfer of property on grounds that it was not the transferor's property at the time of the transfer", provided that, a contest shall not include a defensive pleading against an action covered under subsection 7.1 above; and

7.3.   Creditor's claims or actions based on a creditor's claim; provided that, this provision shall not apply to creditor's claims applicable to advances made for funeral, medical and other administrative expenses applicable to the Trustor and any claims applicable to a monetary debt owed by the Trustor that is evidenced by a writing made and/or signed by the Trustor.

It is not the intention of this provision to limit or in any way diminish the rights of any beneficiary of this Trust to question the Trustee regarding any act, decision or exercise of discretion made in connection with its management and administration of this Trust, nor to prevent any beneficiary from demanding an accounting of said Trustee to seek an order of a court to competent jurisdiction to instruct such Trustee to hold such Trustee accountable, including a petition or request to the court for an order of surcharge or to seek to remove the Trustee then serving for cause based upon breach of fiduciary duty, failure to properly administer this Trust or exercise the discretions granted to the Trustee hereunder. It is the sole purpose of these provisions to protect and preserve the distributive plan of the Trustor.

The Trustee is authorized to defend, at the expense of the Trust, any contest of any nature on this Trust or any of its provisions and amendments, including amendments to this Trust executed hereafter.

Notwithstanding the foregoing, this paragraph shall not apply so as to cause a forfeiture of any distribution otherwise qualifying for the federal estate tax marital deduction or charitable deduction.

8.   ADMINISTRATIVE PROVISIONS

The following general provisions shall govern the operation and administration of all Trusts created in this Declaration:

8.1.   Accounting

The Trustee may, but need not unless requested by Trustor, an adult beneficiary or guardian or parent of a minor beneficiary or unless ordered by court, render an accounting from time to time regarding the transactions of a trust created in this instrument by delivering a written accounting to each beneficiary entitled to current income distributions of the trust, or to current distributions out of income or principal of the trust in the Trustee's discretion. In the event a current beneficiary is a minor, the accounting shall be delivered to the minor's parents or guardian of such minor's person. Unless one or more of the beneficiaries (or a minor's parent or guardian of a minor's person) shall deliver a written objection to the Trustee within one hundred and eighty (180) days of receipt of the Trustee's account, the account shall be deemed settled, and shall be final and conclusive in respect to transactions disclosed in the account as to all beneficiaries of the trust, including unborn and unascertained beneficiaries. After settlement of the account by reason of the expiration of the one hundred and eighty (180) day period referred to above, or by agreement of the parties, the Trustee shall no longer be liable to any beneficiary of the trust, including unborn and unascertained beneficiaries, in respect to transactions disclosed in the account, except for the Trustee's intentional wrongdoing or fraud.

8.2.   Perpetuities Saving Clause

Unless sooner terminated under other provisions herein, all Trusts created under this instrument shall terminate twenty-one (21) years after the last death in the group composed of the Trustor or the survivor of all of the Trustor's issue living at the Trustor's death. A terminated Trust's principal and undistributed income shall be distributed to that Trust's then

living income beneficiaries in the same proportions that the beneficiaries are entitled to receive income when the Trust terminates. At the time of such termination, distribution under this clause shall be made, by right of representation, to the persons who are entitled or authorized, in the Trustee's discretion, to receive Trust payments.

8.3.    Incapacity Determined

A Trustee shall be deemed incapacitated, and thus unable to act as Trustee, when a licensed medical doctor certifies in writing that such Trustee has become physically or mentally incapacitated at least to the extent that, in the doctor's opinion, the Trustee does not have the physical or mental ability to handle the Trust's affairs. Such Trustee need not be judicially declared incompetent, mentally ill, or in need of a conservator or guardian. The successor Trustee, doctor certifying incapacity, and any person or entity relying on such certification shall incur no liability to any Trust beneficiary or to the individual Trustee as a result of any action taken under this Paragraph, and shall be defended and held harmless by the Trust in any legal action that may be brought against them. This same process shall be used to determine the incapacity of any Trust beneficiary, including the Trustor, and to similarly determine if a period of incapacity has ceased to exist.

8.3.1.    HIPAA Release Provision

When in the process of determining a Trustor's or Trustee's incapacity, all individually identifiable health information and medical records may be released to the person who is nominated as Successor Trustee, including any written opinion relating to the Trustor's or Trustee's incapacity that the person so nominated may have requested. This release authority applies to any information governed by the *Health Insurance Portability and Accountability Act of 1996* (a.k.a. HIPAA), 42 USC 1320d and 45 CFR 160-164, and applies even if that person has not yet been appointed Successor Trustee.

8.4.    Certificate of Incumbency

Each Successor Trustee is empowered to act as Trustee upon executing (and, if appropriate, recording with the Recorder of each County in which Trust real property is located) a Certificate of Incumbency, to which shall be attached one of the following:

8.4.1.    A certified copy of the death certificate of the predecessor Trustee (including a Co-Trustee); or

8.4.2.    The written resignation of the predecessor Trustee; or

8.4.3.    A certificate in writing by a licensed medical doctor declaring the predecessor Trustee physically or mentally incapacitated, whether or not a court of competent jurisdiction has declared him or her incompetent, mentally ill, or in need of a guardian or conservator. In addition, said Certificate of Incumbency shall contain a statement that the person or entity filing the Certificate is the designated succeeding Trustee named in the Declaration of Trust and that the Trusteeship is being accepted by said designated Trustee, who agrees to administer the Trust as provided in this instrument.

8.5.    Notice to Trustee

Unless the Trustee receives actual notice in writing of an event affecting the Trust's beneficial interests, the Trustee is not liable to any Trust beneficiary for distribution made as though the event had not occurred.

8.6.    Spendthrift Clause

No interest in the principal or income of any Trust created under this instrument shall be anticipated, assigned, encumbered, or subjected to a creditor's claim or legal process before actual receipt by the beneficiary.

8.7.   Law for Construction of Trusts

This Trust Declaration and the validity of, construction of, and all rights under the Trusts provided for in this Declaration, shall be governed by the laws of the State of the Trustor's principal residence.

8.8.   Invalidity of Any Provision

If any provision of this Declaration is or becomes invalid or unenforceable, the remaining provisions of this Declaration are and continue to be fully effective.

8.9.   Definitions of Issue and Children

In this instrument, the term "issue" shall refer to lawful lineal descendants of all degrees, and the terms "child", "children", and "issue" shall include adopted persons.

8.10.   Simultaneous Deaths and Survivorship

Whenever this agreement provides that a beneficiary of the Trustor must survive the Trustor, or another person upon whose death the interest of such beneficiary depends, the requirement of survivorship shall mean that said beneficiary must survive the Trustor, or such other person, by thirty (30) days in order to take such property. This provision shall constitute a condition effective to lapse or divest the interest of any beneficiary to whom it applies and to make a gift over of the interest or property involved to the person or persons who would receive the same if such beneficiary had died before the Trustor or before such other person, as the case may be.

8.11.   Gender and Number Clause

As used in this instrument, the masculine, feminine, or neuter gender, and the singular or plural number, shall each include the others whenever the context so indicates.

8.12.   Names of Trusts

The Trusts created by this instrument may be referred to collectively as the MARGARET LOUISE VOGELSANG REVOCABLE TRUST.

9.   ADDITIONAL PROVISIONS

9.1.   Discourage Litigation

The Trustor intends that litigation between the beneficiaries and/or Trustee(s) be avoided wherever possible.

9.2.   Mediation Required

The Trustor intends that beneficiaries mediate disputes before litigating them. To ensure that the costs associated with mediation do not limit a beneficiary's ability to participate in mediation and to require mediation before litigation, the Trustee is specifically authorized and directed to do the following:

9.2.1.   Trustee Directed to Withhold Distribution

If any beneficiary refuses to participate in mediation with the utmost good faith, any remaining distributions to such beneficiary shall be forfeited by such beneficiary. The beneficiary shall be deemed as having predeceased the Trustor leaving no issue. The Trustee is directed to add the forfeited sums from such beneficiary to the residue of the Trust Estate.

9.2.2.   Trust Pays Fees of Neutral

The Trust will pay for the costs of a professional mediator from Trust assets as an administrative expense.

9.3.   Severability

Should any of the provisions of this Section 9. be deemed invalid as a violation of public policy, the remaining provisions of this Section 9. shall nonetheless remain in full force and effect.

9.4.    <u>Digital Assets</u>

The Trustee has the authority to access, modify, control, archive, transfer and delete Trustor's digital assets.  Digital assets include Trustor's sent and received emails, email accounts, digital music, digital photographs, digital videos, gaming accounts, software licenses, social-network accounts, file-sharing accounts, blogs, listservs, web-hosting accounts, tax-preparation service accounts, online stores and auction sites, online accounts, and any similar digital asset that currently exists or may be developed as technology advances.  Trustor's digital assets may be stored in the cloud or on Trustor's own digital devises.  The Trustee may access, use, and control Trustor's digital devices in order to access, modify, control, archive, transfer, and delete Trustor's digital assets – this power is essential for access to Trustor's digital assets that are only accessible through Trustor's digital devices.  Digital devices include desktops, laptops, tablets, peripherals, storage devices, mobile telephones, smartphones, and any similar hardware that currently exists or may be developed as technology advances.

## CERTIFICATION OF MARGARET LOUISE VOGELSANG

I certify that I have read the foregoing Declaration of Trust and that it correctly states the terms and conditions under which the Trust Estate is to be held, managed, and disposed of by the Trustee. I approve the Declaration of Trust in all particulars and execute it as the Trustor and the Trustee.

Executed at _Palm Desert_, California, on the _4_ day of _June_, 2018.

_Margaret Louise Vogelsang_
MARGARET LOUISE VOGELSANG
Trustor and Trustee

*A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.*

State of California          )
County of Riverside          )

On __June  4__, 2018, before me, Heidi Richert Clerc, Notary Public, personally appeared MARGARET LOUISE VOGELSANG, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____ (Seal)

Notary Public
Commission Expires: 2/11/2022
Commission No.: 2228769

HEIDI RICHERT CLERC
Notary Public – California
Riverside County
Commission # 2228769
My Comm. Expires Feb 11, 2022

Page 12